**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1057-15T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JAMES CLAUSELL, a/k/a
JAMES DOUGLAS CLAUSELL,

    Defendant-Appellant.

_____

Submitted May 10, 2017 — Decided May 30, 2017

Before Judges Carroll and Gooden Brown.

On appeal from the Superior Court of New
Jersey, Law Division, Burlington County,
Indictment No. 95-08-0512.

James Clausell, appellant pro se.

Robert D. Bernardi, Burlington County
Prosecutor, attorney for respondent (Jennifer
B. Paszkiewicz, Assistant Prosecutor, of
counsel and on the brief; Linda Rinaldi, Legal
Assistant, on the brief).

PER CURIAM

    Defendant James Clausell is presently serving a sentence of
life imprisonment, which was imposed following his 1996 murder
conviction. In this appeal, he challenges the trial court's

September 8, 2015 denial of his motion for an updated presentence report. We affirm.

We briefly recount the lengthy procedural history of this case. Following a 1986 jury trial, defendant was convicted of capital murder and related offenses in connection with the 1984 shooting death of Edward Atwood at the front door of the victim's Willingboro home. During the penalty phase of the trial, the jury unanimously found the aggravating factors outweighed the mitigating factors beyond a reasonable doubt, and defendant was sentenced to death. Defendant appealed to the New Jersey Supreme Court as of right. In 1990, the Court reversed defendant's capital-murder conviction and remanded the case for a new trial because the trial court's jury instruction regarding knowing or purposeful murder was deficient. State v. Clausell, 121 N.J. 298, 313-14 (1990).

Defendant was retried from December 4, 1995, to January 19, 1996, following which a jury convicted him of first-degree murder, three counts of aggravated assault, and two weapons related offenses. Defendant was found not guilty of capital murder, and, therefore, was not subject to the death penalty because the jury concluded defendant did not knowingly or purposely cause Atwood's death, but instead intended to cause only serious bodily injury likely to result in death. On February 23, 1996, defendant was

sentenced to life imprisonment (with a thirty-year period of parole ineligibility) on the murder conviction, and concurrent eighteen-month jail terms (with eighteen-month periods of parole ineligibility) on the three aggravated assault convictions, to run consecutive to the sentence imposed on the murder charge. Defendant appealed, and we affirmed his convictions in an unpublished opinion. State v. Clausell, No. A-4947-95 (App. Div. Apr. 1, 1999), certif. denied, 161 N.J. 331 (1999).

Defendant filed a petition for post-conviction relief (PCR) on September 24, 1999, in which he claimed that newly-discovered evidence proved his co-defendant was the shooter. The PCR judge denied the petition, and we affirmed. State v. Clausell, No. A-5681-01 (App. Div. Dec. 10, 2003), certif. denied, 180 N.J. 151 (2004).

Defendant thereafter filed a petition for a writ of habeas corpus in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 2254, asserting numerous constitutional and other violations during his retrial. Defendant argued, inter alia, that trial counsel had been ineffective, particularly by failing to raise a Batson objection[1] to the State's peremptory challenges during jury selection. The District Court

---

[1] Batson v. Kentucky, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986).

denied the habeas petition. Clausell v. Sherrer, No. 04-3857, 2006 U.S. Dist. LEXIS 73607 (D.N.J. Sept. 29, 2006), aff'd, 594 F.3d 191 (3d Cir.), cert. denied, 562 U.S. 871, 131 S. Ct. 172, 178 L. Ed. 2d 103 (2010).

On July 18, 2011, defendant filed a second PCR petition, again claiming newly discovered evidence. The PCR judge denied the petition because it was time-barred and, even if it was not, it lacked merit. We again affirmed in an unpublished opinion. State v. Clausell, No. A-4827-11 (App. Div. Apr. 22, 2014), certif. denied, 220 N.J. 269 (2015).

On or about June 15, 2015, defendant filed a second federal habeas petition challenging his conviction and sentence, once more premised on claims of alleged newly discovered evidence. Because defendant did not seek or obtain authorization from the Court of Appeals to file a "second or successive petition," the District Court dismissed the petition for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b)(3)(A) and 28 U.S.C. § 2253(c). Clausell v. Bonds, No. 15-4066, 2016 U.S. Dist. LEXIS 16125 (D.N.J. Feb. 10, 2016).

In or about August 2015, defendant filed a motion in the trial court for an updated presentence report.[2]  The court denied the motion on September 8, 2015, reasoning that it was "not currently required to order an updated report pursuant to [Rule] 3:21-2 and [N.J.S.A.] 2C:44-6."  This appeal followed.

Defendant argues in a single point:

> [THE] TRIAL COURT FAILED TO UPDATE [THE] PRESENTENCE REPORT [THAT] TRANSMITTED TO THE INSTITUTION DIFFERENT FACTS AND CIRCUMSTANCES OF [THE] OFFENSE THAN ADDUCED ON RETRIAL [THAT] ADVERSELY AFFECT CLASSIFICATION AND PAROLE STATUS.

Having considered defendant's argument in light of the record and applicable legal standards, we find it lacks sufficient merit to warrant extended discussion.  R. 2:11-3(e)(2).  We add only the following comments.

Rule 3:21-2(a) provides that "[b]efore the imposition of a sentence . . . court support staff shall make a presentence investigation in accordance with N.J.S.A. 2C:44-6 and shall report to the court."  (Emphasis added).  If the court imposes a custodial sentence, it must then "transmit a copy of the presentence report

---

[2] It appears that defendant failed to serve this motion on the State.  He has also failed to include it in his appendix, contrary to R. 2:6-1(a)(1)(I) (requiring the appendix to contain those parts of the record "essential to the proper consideration of the issues[.]").

. . . to the person in charge of the institution to which the defendant has been committed."  R. 3:21-2(c).

Similarly, N.J.S.A. 2C:44-6a mandates that a "court shall not impose sentence without first ordering a presentence investigation of the defendant[.]"  N.J.S.A. 2C:44-6b delineates the contents of the presentence report and requires that it include, among other things, "an analysis of the circumstances attending the commission of the offense[.]"  Consistent with Rule 3:21-2(c), the statute permits disclosure of the report to correctional authorities if the defendant receives a custodial sentence. N.J.S.A. 2C:44-6d.

In his brief, defendant asserts that he "filed [his] motion for an updated [p]resentence [r]eport after interviews with Department of Corrections staff revealed the utilization of facts and circumstances from [the first] trial (1986) [that were] not reflective of facts adduced on retrial (1995) and would be considered by parole."  However, defendant cites no controlling statute, court rule, or case law that would require the trial court to order an updated presentence report nearly twenty years after his conviction.  To the contrary, as one commentator has expressly noted, "[i]nformation in [presentence] reports (especially 'Official Version of Crime') is accepted as true without question and classification and parole decisions may be

based on it. Errors should be corrected in the report before this transmittal." Cannel, New Jersey Criminal Code Annotated, comment 5 on N.J.S.A. 2C:44-6d (2017) (emphasis added).

Defendant's reliance on State v. Mance, 300 N.J. Super. 37 (App. Div. 1997), is misplaced. In that case, defendant Mance was convicted of four counts of aggravated assault on several corrections officers during a 1990 riot at the New Jersey State Prison. Id. at 43-44. Although we affirmed defendant's convictions, we reversed and remanded for resentencing because the trial court relied on a presentence report that was created in 1977 with respect to an unrelated crime defendant committed in 1976. Id. at 65.

In contrast, in the present case, the trial court relied on an updated presentence report dated February 13, 1996. The presentence report appended and supplemented the earlier 1986 presentence report. Hence, it fully comported with Rule 3:21-2 and N.J.S.A. 2C:44-6 and, unlike Mance, "was [n]either irrelevant [n]or set forth material which was outdated." Ibid. If the information in the presentence report was inaccurate, as defendant now contends, he was free to object to it at sentencing, or raise the issue on direct appeal. There is no indication in the record that he did so, nor is the court obliged to order an updated

presentence report to correct any alleged inaccuracies at this belated stage.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION